**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| **DIANNA D. LANSDOWNE,** | ) |
| **Plaintiff,** | ) |
| v. | ) Case No. 08-CV-406-GKF-PJC |
| **FTS INSPECTION & ENGINEERING SERVICES, INC., et al.,** | ) |
| **Defendants.** | ) |

**OPINION AND ORDER**

This matter is before the Court on Plaintiff Dianna D. Lansdowne's Opposed Motion to Exceed Deposition Limit [Dkt. # 26]. For the reasons set forth below, the motion is **DENIED WITHOUT PREJUDICE**.

Plaintiff has alleged age discrimination, wrongful termination and retaliation related to her employment termination. Plaintiff seeks leave to take more than the 10 depositions authorized by Fed. R. Civ. P. 30(a)(2). Defendant argues that Plaintiff has not justified the need for these additional depositions.

Fed. R. Civ. P. 30(a)(2) provides that a party must obtain leave of court to take a deposition if the deposition "would result in more than 10 depositions being taken under this rule." Leave must be granted consistent with Rule 26(b)(2) governing frequency and extent of discovery.

Plaintiff seeks the additional depositions because Defendant's initial disclosures listed 36 persons with information about this matter. Plaintiff wants to depose 16 of the 36 persons. Defendant contends that all but three of the proposed 16 deponents were listed on Plaintiff's Initial Disclosure of Witnesses with Discoverable Information and

Plaintiff agreed to 10 depositions each in the Joint Status Report filed Oct. 16, 2008. [Dkt. # 23].

*Discussion*

The Federal Rules of Civil Procedure emphasize that lawyers have a professional duty "to develop a mutual cost-effective plan for discovery" in each case. Fed. R. Civ. P. 30 advisory committee's note to 1993 amendments. This plan should be discussed in the attorneys' Rule 26(f) conference which, in turn, should be reflected in the parties' Joint Status Report.

Here, the Joint Status Report recites that each side will be limited to 10 expert and fact witness depositions. [Dkt. # 23 ¶ VI(E)]. Plaintiff now seeks to take six additional depositions.

Plaintiff has not offered a persuasive explanation as to why six additional depositions are necessary in this case, or why that determination must be made at this time. Plaintiff agreed to a limit of 10 depositions and the Federal Rules clearly envision such a limit. As discovery progresses, should it become necessary to take more than 10 depositions, Plaintiff may re-apply for leave to do so and better explain her position at that time.

Accordingly, Plaintiff's Motion is DENIED WITHOUT PREJUDICE. Parties should proceed with discovery. If after taking 10 depositions Plaintiff feels it is necessary to depose additional witnesses, the parties may either stipulate to the additional discovery or Plaintiff may seek leave of Court at that time.

No fees will be awarded regarding this motion. The Court would emphasize to the parties the availability of expedited discovery hearings under LCvR37.2(b). A

dispute such as this can be handled telephonically, savings both sides needless expenditure of money.

    IT IS SO ORDERED this 5th day of January 2009.

_____
Paul J. Cleary
United States Magistrate Judge